# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| Case Title : | Marc Lincoln Depew and Carrie Renee Spear-Depew | Case No : | 10−46657 − B − 13J |
| | | Date : | 3/8/11 |
| | | Time : | 09:32 |
| Matter : | [28] − Motion/Application to Confirm/Modify Chapter 13 Plan [CC−2] Filed by Debtor Marc Lincoln Depew, Joint Debtor Carrie Renee Spear−Depew (jris) | | |
| Judge : | Thomas Holman | | |
| Courtroom Deputy : | Sheryl Arnold | | |
| Reporter : | Diamond Reporters | | |
| Department : | B | | |

**APPEARANCES for :**
**Movant(s) :**
         Debtor(s) Attorney − Michael Croddy
**Respondent(s) :**
         Trustee − Jan P. Johnson

Disposition After Oral Argument (formerly Tentative Ruling):

The motion to confirm the amended plan filed January 10, 2011 is denied.

The debtors have not carried their burden of establishing all of the plan confirmation requirements of 11 U.S.C. § 1325(a). Chinichian v. Campolongo, 784 F.2d 1440, 1443−1444, (9th Cir.1986)("For a court to confirm a plan, each of the requirements of section 1325 must be present and the debtor has the burden of proving that each element has been met."). The court also has an independent duty to confirm only plans that comply with the requirements of the Bankruptcy Code. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. , 130 S. Ct. 1367, 1380, 176 L. Ed. 2d 158, 173 n.14 (2010)("Failure to comply with this [§§ 1328(a)(2) and 523(a)(8)] self−executing requirement should prevent confirmation of the plan even if the creditor fails to object, or to appear in the proceeding at all."); see also In re Dynamic Brokers, Inc., 293 B.R. 489, 499 (B.A.P. 9th Cir. 2003) (citing Everett v. Perez, 30 F.3d 1209, 1213 (9th Cir. 1994)).

Here, the debtors declaration in support of the motion recites, in several paragraphs, that the debtors "will" perform certain plan confirmation requirements of 11 U.S.C. § 1325(a) by the hearing date. (Dkt. 30). Those are statements of intention, not statements of fact. Such statements are insufficient to support confirmation. Further, there is no factual support for the conclusion that the debtors will be able to surrender their home, move to a rental, and continue to perform under the plan. The debtor have not shown that the plan complies with 11 U.S.C. § 1325(a)(6). Accordingly, the debtors have not carried their burden of establishing all of the plan confirmation requirements of 11 U.S.C. § 1325(a).

The court will issue a minute order.